625 So.2d 185 (1993)
Joseph Irvin LEGE, Plaintiff-Appellant,
v.
N.F. McCALL CREWS, INC., Defendant-Appellee.
No. 92-1106.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1993.
Writ Denied October 15, 1993.
*186 Christopher Leonard Zaunbrecher, Lafayette, for Joseph Irvin Lege.
John Stanton Bradford, Lake Charles, for N.F. McCall Crews, Inc.
Before LABORDE, THIBODEAUX and DECUIR, JJ.
LABORDE, Judge.
In this age and handicap discrimination case, plaintiff-appellant, Joseph Irvin Lege, appeals a jury verdict in favor of defendant-appellee, N.F. McCall, Inc. Finding no error on the part of the trial court, we affirm.

FACTS
Prior to August 1988, Plaintiff-Appellant, Joseph Irvin Lege ("Lege") was employed as a boat captain by defendant-appellee, N.F. McCall Crews, Inc. ("McCall"). Lege was sixty-four years old when McCall hired him as a boat captain. He performed his duties as a boat captain until October 7, 1989 when he was removed from duty and taken to Abbeville General Hospital because of severe abdominal and back pain. Lege was diagnosed as having enterocolitis (infection of the small intestine and colon caused by a virus) and a hiatal hernia. Dr. Howard Alleman treated Lege until he recovered and then released him to return to work with no restrictions.
After being released from the hospital, Lege contacted McCall and informed Billy Johnston, McCall's personnel manager, that he was able to return to work. According to Johnston, Lege informed him that he would have to stop and catch his breath after moving up and down stairs and in general take it easy at times. However, Lege maintains that he did not indicate this to Johnston. When Johnston informed the owner and operator of McCall about Lege's limitations, he was instructed to contact the two other captains Lege worked with to determine if they thought Lege could still perform his job. Johnston indicated the other two captains believed Lege was a safety risk, and as a result, Lege was terminated. Johnston informed Lege that he was terminated because *187 McCall had concerns about his health and his physical ability to perform his job.
Lege subsequently filed suit alleging age discrimination and handicap discrimination based on his employer's perception that he was physically disabled. A jury trial resulted in a verdict for the defendant. Lege then instituted this appeal.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, Lege alleges the jury's verdict is manifestly erroneous because it is clearly contrary to the law and the evidence.
This case was brought pursuant to the Louisiana Age Discrimination in Employment Act (the Act) which is found at La.R.S. 23:971 et seq. Specifically, La.R.S. 23:972(A)(1) provides the following:
A. It is unlawful for an employer to:
(1) Fail or refuse to hire, or to discharge, any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age.
There is little case law offering interpretive guidance to the substantive provisions of this Act, however, the prohibition against age discrimination is identical under the Federal and Louisiana Acts. Therefore, this Court will turn to the case law interpreting the Federal Act for guidance.
Federal jurisprudence interpreting this Act indicates the plaintiff must first prove a prima facie case in an age discrimination suit. Specifically, the plaintiff must prove:
(1) he was in the protected age group between the ages of forty and seventy
(2) his employment with the defendant was involuntarily terminated,
(3) he was qualified to perform the job that he was employed to perform, and
(4) he was replaced by a person outside the protected age group comprising individuals between the ages of forty and seventy.
See, Belanger v. Keydril Co., 596 F.Supp. 823 (E.D.La.1984). A review of the trial record indicates Lege meets the first three of these four criteria, however, McCall produced evidence at trial which indicated Lege was replaced by Captain Benny Cozzie who was age forty-four. Therefore, Lege never proved a prima facie case of age discrimination, and the jury verdict is not manifestly erroneous. Louisiana law is well settled that a Court of Appeal may not set aside a jury's finding of fact in the absence of manifest error unless it is clearly wrong. Rosell v. Esco, 549 So.2d 840 (La.1989). Since we have found no manifest error, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, Lege alleges the jury erred in failing to find that he was a handicapped person within the meaning of La.R.S. 46:2251. Lege argues he was a handicapped person within the meaning of this statute because he was perceived by his employer as having a physical impairment which substantially limited his ability to perform his work. We disagree. La.R.S. 46:2253(1) states:
(1) "Handicapped person" means any person who has an impairment which substantially limits one or more life activities or (a) has a record of such an impairment or (b) is regarded as having such an impairment.
Under this statute, a person is only considered handicapped if his impairment substantially limits one or more of life's major activities. The record indicates Lege eventually obtained employment as a captain on another boat with another company. This indicates that any existing health condition which he has did not substantially limit his activities to the point that he would be considered handicapped. Furthermore, the record also reveals that Lege, himself, testified that he did not consider himself to be a handicapped individual. Accordingly, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, Lege alleges the trial court erred in refusing to *188 instruct the jury that he was entitled to recover damages under La.R.S. 46:2251 et seq. if he was terminated because he was perceived by his employer as being handicapped. The law on the review of a jury instruction can be found in Doyle v. Picadilly Cafeterias, 576 So.2d 1143 (La.App. 3d Cir. 1991) which states the following:
Adequate jury instructions are those which fairly and reasonably point up the issues and which provide correct principles of law for the jury to apply to those issues. The adequacy of jury instructions must be determined in light of the jury instructions as a whole. Evangeline Farmers Cooperative v. Fontenot, 565 So.2d 1040 (La.App. 3rd Cir.1990); Kaplan v. Missouri-Pacific Railroad Co., 409 So.2d 298 (La.App. 3rd Cir.1981). The trial judge is under no obligation to give any specific jury instructions that may be submitted by either party; he must, however, correctly charge the jury. Oatis v. Catalytic, Inc., 433 So.2d 328 (La.App. 3rd Cir.), writ denied. 441 So.2d 210, 215 (La. 1983). An appellate court must exercise great restraint before overturning a jury verdict on the suggestion that the instructions were so erroneous as to be prejudicial. Cuccia v. Cabrejo, 429 So.2d 232 (La.App. 5th Cir.), writ denied, 434 So.2d 1097 (La.1983).
A review of the record does indicate that the trial court instructed the jury regarding the employer's perception of Lege as a handicapped individual. In fact, the jury even requested additional instructions during deliberations about whose perception they were to consider. Furthermore, Lege as much as admits that such an instruction was given by arguing in his next assignment of error that the jury was confused by this instruction. We find the trial court correctly charged the jury.
The most plausible explanation for the jury's verdict is that the jury did not find McCall perceived Lege as a handicapped individual. The verdict is reasonable given that we find no evidence presented in the record which indicates defendant perceived plaintiff as a handicapped individual. The only evidence indicates that defendant found plaintiff incapable of performing a specific job in accordance with defendant's standards and safety guidelines. This statute does not protect a person who is unsuited for one position for one employer. Such an interpretation of this statute would undermine its very purpose to protect handicapped individuals. See, Forrisi v. Bowen, 794 F.2d 931 (U.S. 4th Cir.1986). Therefore, the fact that Lege could not captain a boat for McCall does not make him or classify him as being impaired in a substantial life activity as required by law. Accordingly, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER FOUR
In this assignment of error, Lege alleges the trial court erred in refusing to grant a new trial despite a clear showing that the jury was confused about the definition of a handicapped individual. Specifically, Lege argues the jury was confused about the jury charge which required the jury to consider whether he was perceived by his employer as being a handicapped individual, and as a result only considered whether plaintiff was handicapped and not perceived as a handicapped individual. However, the record indicates that after deliberations had begun, the jury requested clarification on whose perception they were to consider. Both parties agreed that it was the perception of the employer. We agree with McCall that this indicates the jury was fully aware that it was to consider a perceived handicap in order to answer this question. The granting of a new trial is within the discretion of the trial court under La.C.C.P. art. 1973. The trial court refused to grant a new trial. Based on our findings and the evidence presented in the record, we cannot say the trial court abused its discretion in its ruling. Accordingly, this assignment of error lacks merit.

ASSIGNMENTS OF ERROR NUMBERS FIVE AND SIX
In these assignments of error, Lege alleges the trial court erred in excluding from evidence the affidavit of McCall's officer which contained an admission against interest on the handicap discrimination issue *189 which Lege offered for impeachment as a prior inconsistent statement. The affidavit which Lege refers to is the affidavit of Norman McCall which was attached to McCall's Motion for Summary Judgment. The record indicates the substance of the affidavit was read to the jury which indicated the basis of Mr. McCall's reasons to release Lege. Mr. McCall testified both in court and in the affidavit that he dismissed Lege because he was a safety risk on the vessel. Mr. McCall never denied that fact that concern about Lege's health was a part of the foundation for his release. He insisted that safety was the primary motivating factor for Lege's discharge.
Lege intended to use the affidavit to show prior inconsistent statements, but we find no inconsistency between this affidavit and Mr. McCall's testimony. Lege also argues that a ruling which excludes evidence of a substantial right of the parties is erroneous under La.C.E. art. 103. However, there is no showing by Lege that a substantial right of any party was affected. The record clearly indicates that the substance of the affidavit in question was read to the jury. Finally, Lege failed to show how the exclusion of this affidavit prejudiced his case. Therefore, we find no error in the trial court refusing to admit the affidavit into evidence, and these assignments of error lack merit.

ASSIGNMENT OF ERROR NUMBER SEVEN
In this assignment of error, Lege alleges the trial court erred in permitting a vocational rehabilitation consultant to give opinion testimony as to an issue of law. This claim of error is in regard to the testimony of Jeff Peterson, McCall's vocational rehabilitation consultant. The court accepted Peterson as a vocational rehabilitation expert which was unchallenged by Lege. Over Lege's objection, the court allowed Peterson to give his opinion that Lege's limitations did not constitute substantial limitations of one of life's major activities. Lege argues it was legal error for the trial court to allow such testimony since the definition of a handicapped person was a legal determination to be made by the jury. However, the record indicates the trial court allowed this testimony then cautioned the jury that the testimony was limited to his opinion as to how the term is used in common usage but not as to the legal definition of a handicap.
We find no error. Peterson derived his opinion, which the court found him qualified to give, from reviewing Lege's condition. Moreover, the court cautioned the jury that whether Lege was considered to be handicapped under the law was a question to be determined by its members only. Therefore, we find no abuse of discretion resulting in error, and this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER EIGHT
In this assignment of error, Lege argues the trial court erred in granting McCall's peremptory challenge of a potential juror who was in the same protected class as Lege. In support of this argument, Lege cites the United States Supreme Court opinion of Edmonson v. Leesville Concrete Co., Inc., ___ U.S. ___, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). Edmonson, supra, held a private litigant in a civil case may not use peremptory challenges to exclude jurors on account of race. Lege argues the reasoning underlying Edmonson, supra, should be extended to protect potential jurors who are excluded because of physical disabilities. We disagree and find Edmonson, supra, not applicable to this case. However, assuming arguendo, that Edmonson's reasoning should be extended to protect handicapped individuals, it would fall to defendants to assert a nondiscriminatory reason for challenging the potential juror. In this case, such a reason was articulated by McCall at trial. McCall indicated that any prospective juror who himself is involved in litigation relating to his own disability might be overly sympathetic to Lege which could severely prejudice McCall's right to a fair trial. Assuming McCall is required to articulate a nondiscriminatory reason for challenging the juror in question, we find this reason adequate. Accordingly, this assignment of error lacks merit.

*190 ASSIGNMENT OF ERROR NUMBER NINE
In this assignment of error, Lege alleges the trial court erred in failing to order a new trial on the grounds that the verdict was based on factors other than the law and the evidence such that substantial justice was not done. Lege bases this argument on the fact that an unidentified juror phoned his counsel following the trial to inform him that many jurors did not understand the issues and that most were reluctant to vote against defendant, N.F. McCall Crews, Inc., since this company is owned by Mr. McCall whom they were all aware had done a great deal for the local community and economy through his company. Lege also alleges this unidentified juror informed his counsel that most of the jurors had relatives working for McCall.
Lege relies on the unsworn transcript of a recording with a juror to prove his contentions. However, the general rule in Louisiana is that affidavits or other testimony of jurors are inadmissible to impeach their own verdict. Wright v. State Farm Mutual Automobile Insurance Co., 445 So.2d 206 (La.App. 3d Cir. 1984). The only exception to this rule is where the introduction of affidavits and testimony of jurors is allowed concerning the truthfulness of the responses to the voir dire examination. Pitts v. Bailes, 551 So.2d 1363 (La.App. 3d Cir.1989), writ denied, 553 So.2d 860 (La.1989) and 556 So.2d 1262 (La.1990) However, the truthfulness of voir dire is not at issue in this case. Therefore, whether to grant a new trial is a matter of the trial court's discretion. La. C.C.P. art. 1973. We find no abuse of discretion, and thus, no error on the part of the trial court. Accordingly, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TEN
In this assignment of error, Lege alleges the trial court erred by commenting on the evidence to the jury. However, a review of the record cited by Lege in support of the argument indicates that the trial court made no such comment. The part of the transcript cited by Lege indicates the trial court was merely allowing the parties to argue over an objection which was ultimately sustained. We find no error, and this assignment of error lacks merit.

ATTORNEY'S FEES
McCall answered this appeal requesting that the trial court judgment denying them attorney's fees pursuant to La.R.S. 46:2256(C) be reversed and requesting additional attorney's fees for this appeal. La. R.S. 46:2256(C) provides that it is within the discretion of the trial court whether to award attorney's fees to the prevailing party. The trial court chose not to award these fees, and we find no abuse of discretion in that finding. However, defendants are entitled to reasonable attorney's fees for having to answer plaintiff's appeal. We find $1,500.00 reasonable in this case. Accordingly, it is ordered that plaintiff, Joseph Irvin Lege, pay defendants $1,500.00 in attorney's fees.

DECREE
The judgement of the trial court is affirmed. All costs of this appeal are to be assessed against plaintiff, Joseph Irvin Lege.
AFFIRMED.