**Jerry A. CARGILE**

v.

**STAR ENTERPRISE.**

**Civ. A. No. 93–945–A.**

United States District Court,
M.D. Louisiana.

Dec. 8, 1994.

Dan M. Scheuermann, Fieldstone House Law Offices, Baton Rouge, LA, for plaintiff.

William R. D'Armond, Melanie M. Hartmann, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, for defendant.

## RULING ON MOTION FOR SUMMARY JUDGMENT

JOHN V. PARKER, Chief Judge.

Plaintiff, Jerry Cargile, has brought suit against defendant, Star Enterprises (Star), under the Louisiana Age Discrimination in Employment Act (LADEA), La.R.S. 23:971 et seq. This matter is before the court on defendant's motion for summary judgment. This action was removed from the Nineteenth Judicial District Court of East Baton Rouge Parish. Jurisdiction is based on diversity of citizenship. Oral argument is not necessary.

The undisputed facts are as follows: (1) Cargile was employed by Texaco and its joint venture partner Star Enterprises for 29 years when his employment with Star ended at the age of 57; (2) At the time of his departure, Cargile held the position of district manager; (3) While in Baton Rouge on October 15, 1992, Regional Manager E.V.D. Becker informed Cargile that he was being replaced as district manager and transferred to Corporate Real Estate to work under J.W. Bernitt; (4) Becker told Cargile that he would not have to leave Baton Rouge, and that he would keep the same salary and the company car; (5) Later that same morning, Cargile told Becker that he was quitting; (6) Cargile took a vacation and when he returned, he called Bernitt; (7) During the conversation, Bernitt told Cargile that if he accepted the transfer, he would be flying around the country putting together franchise deals with Burger King and McDonald's; (8) Cargile then asked if the retirement package was still available and Bernitt replied that he would have to get it approved; (9) The retirement package was approved and Cargile retired at the end of the year; (10) Cargile was replaced in Baton

Rouge by Ed Romo, a man in his mid-forties; (11) Part of Cargile's district was later reorganized to make room for another district manager in Birmingham who was in his thirties.

Star argues that even if Cargile's reassignment was based on age discrimination, which Star denies, Cargile was not constructively discharged and therefore cannot recover under LADEA. He was simply told that he was going to be transferred into a new job with new responsibilities and without the loss of any pay or benefits.

Cargile contends that he was constructively discharged because the job he was offered would have deprived him of all management responsibilities. He further alleges that this is the type of action that Star takes when it wants to force an aging employee out of the company and that any reasonable person in his position would have felt compelled to retire.

■ Summary judgment is appropriate if the moving party establishes that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unsubstantiated assertations of actual dispute will not suffice. *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir.1992).

■ The prohibition against age discrimination is identical under the federal and Louisiana statutes. *Lege v. N.F. McCall Crews, Inc.*, 625 So.2d 185, 187 (La.App. 3 Cir.1993), writ denied, *Lege v. N.F. McCall Crews, Inc.*, 627 So.2d 638 (La.1993). La.R.S. 23:972(A)(1) reads:

A. It is unlawful for an employer to:

(1) Fail or refuse to hire, or to discharge, any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or such privileges of employment because of such individual's age.

Due to the lack of Louisiana case law on the LADEA, Louisiana courts have turned to federal jurisprudence for guidance. *Lege*, 625 So.2d at 187. Federal jurisprudence has set forth several requirements that must be met when establishing a prima facie case for age discrimination: (1) the plaintiff was in the protected age group between the ages of forty and seventy; (2) his employment with the defendant was involuntarily terminated; (3) he was qualified to perform the job that he was employed to perform; and (4) he was replaced by a person outside the protected age group of forty and seventy. *Id.* (citing *Belanger v. Keydril Co.*, 596 F.Supp. 823 (E.D.La.1984))

By his affidavit, Cargile asserts that he was within the protected age group, that he was qualified to perform the job he was hired to perform, and that in 1993, a man who is younger than the protected age group[1] was promoted as district manager over portions of the geographic area that Cargile had previously managed. The focus of this motion for summary judgment falls upon the second prima facie requirement which requires that the plaintiff show involuntary termination.

■ A former employee who has resigned may satisfy the termination requirement by proving constructive discharge. *Barrow v. New Orleans*, 10 F.3d 292, 297 (5th Cir.1994). To establish constructive discharge, the plaintiff must show that the employer created working conditions so intolerable that he was forced into voluntary resignation. *Bourque v. Powell Elec. Mfg. Co.*, 617 F.2d 61, 65 (5th Cir.1980). In finding constructive discharge, the Fifth Circuit endorsed the reasonable-employee test which requires the trier of fact to conclude that employment conditions would have been so difficult that a reasonable person in the employee's shoes would have felt compelled to resign. *Id.*

■ A mere change of position or job responsibilities, without more, will not support a claim of constructive discharge. *Epps v. NCNB Texas*, 7 F.3d 44, 46 (5th Cir.1993). Even if a change in job assignments is based on discriminatory action, that alone, without

---

1. As noted, supra, plaintiff's immediate replacement was in his mid-forties, within the protected age group, although younger than plaintiff. The court assumes for purposes for this motion that these facts satisfy the fourth essential element of plaintiff's case.

the presence of aggravating factors, is not sufficient to show constructive discharge. *Jett v. Dallas Independent School Dist.*, 798 F.2d 748, 755 (5th Cir.1986), remanded in part on other grounds, 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). Furthermore, constructive discharge cannot be based upon the employee's subjective preference for one position over another. Id. at 755.

Although *Epps v. NCNB Texas* involved a breach of an employment contract, the case turned on the question of constructive discharge. *Epps*, 7 F.3d at 45–46. In that case, a bank employee was told that the bank was changing his job responsibilities but that he would be able to keep the same salary and title. *Id.* Plaintiff resigned stating that his new position did not involve the management and marketing responsibilities that he desired. *Id.* The court, citing *Jurgens v. EEOC*, 903 F.2d 386, 392–393 (5th Cir.1989), held that loss of some supervisory responsibilities does not amount to constructive discharge without the presence of aggravating factors. *Id.*

 Similarly, Cargile was displeased with his perceived loss of management responsibilities. However upsetting this may have been, Cargile has not come forth with competent evidence of aggravating factors. Moreover, previous to his dismissal, Cargile never asked what responsibilities his new job entailed. For purposes of proving constructive discharge, it is not reasonable for an employee to resign before he even knows the duties of his new job. *Garner v. Wal–Mart Stores, Inc.*, 807 F.2d 1536 (11th Cir.1987). Mr. Cargile's declaration he "knew" what was in store for him and that he would eventually be forced to retire is unsupported speculation. In similar fashion, plaintiff's references to conclusory opinions allegedly stated by "supervising employees" before and after his retirement are not sufficient to create a disputed issue of material fact.

Plaintiff has not put forth sufficient evidence to demonstrate that he has been constructively discharged. In his affidavit, Cargile attempts to argue that Star routinely forces its older employees into retirement by requiring a change in duties and then making that position redundant and that this process

was beginning to happen to him when he was asked to make the transfer. Cargile has not put forth adequate evidence, by affidavit or otherwise, of such a pattern and this court will not take such unsubstantiated speculation as sufficient to create disputed issues of material fact for the purposes of summary judgment.

Moreover, Cargile cannot complain of any injury under this cause of action. While he may have been asked to accept a position that he did not particularly care for, Cargile was told that in his new job he would not have to move and would be able to maintain his current salary level as well as other benefits. His personal assumption that the transfer was a prelude to actual injury is not sufficient to demonstrate actual injury.

The court finds that Cargile's loss of management responsibilities with no reduction in salary or other benefits was not so intolerable that a reasonable person would have felt compelled to resign. Accordingly, defendant's motion for summary judgment is hereby GRANTED and this action will be dismissed.