### Harold John CLOUSE

v.

### BOISE CASCADE CORPORATION.

### Civil Action No. 95–1415.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

March 6, 1997.

Eulis Simien, Jr., Baton Rouge, LA, and Mark A. Delphin, Lake Charles, LA, for plaintiff.

Keith M. Pyburn, Jr., New Orleans, LA, for defendant.

## MEMORANDUM RULING

EDWIN F. HUNTER, Jr., Senior District Judge.

Before the court is defendant, Boise Cascade Corporation's ("Boise") third motion for summary judgment (doc. # 67).

By this court's October 28, 1996, Memorandum Ruling, we dismissed plaintiff's federal law claims under the Americans with Disabilities Act ("ADA"), because plaintiff failed to adduce evidence that he had a disability as contemplated under the ADA. 42 U.S.C. § 12101, *et seq.* Defendant, Boise, now urges the court to dismiss plaintiff's remaining state law claims on the same basis. The applicable state law remedies identified by the parties are: the Civil Rights for Handicapped Persons Act (the "Handicapped Act"), La.R.S. 46:2251, *et seq.;* and the Louisiana Human Rights Commission Act, La. R.S. 51:2231, *et seq.*[1] The language between the ADA and the Louisiana acts are remarkably similar as evidenced by the following chart,

| ADA | Handicapped Act | La. Hum. Rts. Cmn. Act |
|---|---|---|
| **Disability =** (A) a physical or mental impairment that substantially limits one or more of the | **Handicapped person =** any person who has an impairment which substantially limits one or | **Disability =** a physical or mental impairment that substantially limits one or more of the |

---

1. Louisiana Revised Statute 23:1006 affords plaintiff still another vehicle for redress under state law. However, it provides relief under the same circumstances as the Louisiana Human Rights Commission Act. Accordingly, our reso- lution of plaintiff's claim under the Louisiana Human Rights Commission Act will govern any potential claim under Louisiana Revised Statute 23:1006.

| | | |
|---|---|---|
| major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102. | more life activities or has a · record of such an impairment or is regarded as having such an impairment. La.R.S. 46:2253(1). | major life activities of the individual, a record of such impairment, or being regarded as having such an impairment. La.R.S. 51:2232(11). |
| **Physical impairment =** (1) Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal . . . 29 C.F.R. § 1630.2. | **Impairment =** retardation; any physical or physiological disorder or condition, or prior mental disorder or condition, . . . La.R.S. 46:2253(2). | **Physical impairment =** any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, . . . La.R.S. 51:2232(11)(a)(i). |
| **Major Life Activities =** functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. 29 CFR § 1630.2. | **Major Life Activities =** functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. La. R.S. 46:2253(3). | **Major Life Activities =** functions such as caring for oneself, performing·manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. La.R.S. 51:2232(11)(a)(iii). |

█ In diversity cases, federal courts apply substantive state law. *Rogers v. Corrosion Products, Inc.,* 42 F.3d 292, 295 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995) (citing, *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Louisiana Supreme Court has not addressed Louisiana's discrimination laws. Accordingly, "[w]hen there is no ruling by the state's highest court, it is the duty of the federal court to determine as best it can, what the highest court of the state would decide." *Id.* The decisions of lower state courts should be given some weight, but they are not controlling. *Rogers,* 42 F.3d at 295. Moreover, " '[A]n intermediate appellate state court . . . is datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.' " *Id.* (citation omitted).

█ One of the key findings in our previous ruling was that Clouse's limited restriction (in scope and duration) did not substantially limit a major life activity. We also found no evidence that Boise regarded Clouse as having an impairment which substantially limited a major life activity. We noted that Boise believed that Clouse could not perform solely the job of a Five–Step Mechanic.

The same result obtains under the Louisiana Handicapped Act. Three Louisiana appellate courts have touched upon this issue. In *Kraemer v. Santa Fe Offshore Const. Co.,* plaintiff was a welder who, because of allergies, could work onshore, but not offshore. *Kraemer v. Santa Fe Offshore Const. Co.,* 579 So.2d 488 (La.App. 4th Cir.1991). Due to his restriction, he was discharged. *Id.* The court found that no major life activities were curtailed due to plaintiff's inability to work offshore. *Kraemer,* 579 So.2d at 490.

In *Lege v. N.F. McCall Crews, Inc.,* plaintiff, a boat captain, was discharged by his employer because an abdominal virus required him to "take it easy at times", and to stop and catch his breath after moving up and down the stairs. *Lege v. N.F. McCall Crews, Inc.,* 625 So.2d 185 (La.App. 3d Cir.), *writ denied,* 627 So.2d 638 (La.1993). The court found that plaintiff did not ·have a health condition which substantially limited one of life's major activities, because plaintiff eventually found employment with another company as a captain, and did not consider

himself handicapped. *Id.,* at 187. In holding that the jury correctly found that N.F. McCall Crews, Inc. did not regard plaintiff as handicapped under the act the court stated,

> The verdict is reasonable given that we find no evidence presented in the record which indicates defendant perceived plaintiff as a handicapped individual. The only evidence indicates that defendant found plaintiff incapable of performing a specific job in accordance with defendant's standards and safety guidelines. This statute does not protect a person who is unsuited for one position for one employer. Such an interpretation of this statute would undermine its very purpose to protect handicapped individuals ... Therefore, the fact that Lege could not captain a boat for McCall does not make him or classify him as being impaired in a substantial life activity as required by law.

*Lege,* 625 So.2d at 188. him.

Quoting federal case law, the Louisiana second circuit reached a somewhat different result. In *Turner v. City of Monroe,* plaintiff: underwent back surgery, made a full recovery, was cleared for work as a signal technician without restriction, but was then prohibited from returning to work by his employer. *Turner v. City of Monroe,* 634 So.2d 981 (La.App.2d Cir.1994). The trial court found that plaintiff: had no impairment which would affect his ability to work, needed no accommodation, but that his employer regarded him as being impaired. *Id.* In upholding the trial court's finding that the City of Monroe regarded plaintiff as being impaired, the appellate court eschewed any requirement that the plaintiff prove that he had been denied employment from a series of jobs. *Turner,* 634 So.2d at 986–987, (quoting, *Cook v. State of Rhode Island, Dept. of MHRH,* 10 F.3d 17 (1st Cir.1993)). However, in both *Turner* and its cited authority, *Cook,* there was evidence adduced that the employers perceived the respective plaintiffs to be handicapped. *Turner,* 634 So.2d at 986 (Vocational rehab. expert testified that City of Monroe perceived plaintiff was impaired); *Cook,* 10 F.3d at 24–25 (Employer's manager testified that he believed plaintiff' limitations foreclosed a wide range of employment op-

tions). Here, the evidence is that Boise believed that Clouse was only unable to perform the duties of a Five–Step Mechanic during the period of his lifting restriction. *Turner* is inapposite to the instant facts.

Finally, under the Louisiana Handicapped Act, state case law, and the present facts, there is no indication that we should depart from our previous finding that Boise did not discriminate against plaintiff because of an alleged record of medical impairment. Accordingly, under the Louisiana Handicapped Act, as written, and interpreted by the state courts, plaintiff has not adduced evidence such as to demonstrate that there is a genuine issue as to a material fact in dispute which would support a finding that he had a disability. Fed.R.Civ.P. 56.

█ We have found no Louisiana cases addressing claims under the Louisiana Commission on Human Rights Act ("the Act"). However, the Act tracks the ADA language virtually verbatim. Moreover, the stated purpose and intent of the Act was to execute in Louisiana the policies embodied in the several federal civil rights acts. La.R.S. 51:2231. A secondary purpose of the Act was to justify deferral of cases by the federal Equal Employment Opportunity Commission, U.S. Labor Department, and the U.S. Justice Department. *Id.* The Act's enabling legislation clearly evinces an intent to adhere to parallel federal civil rights laws, as applied, and interpreted by the branches of the federal government. It does not matter whether the Louisiana Supreme Court follows federal law or state case law under the closely related Louisiana Handicapped Act, the same result obtains: plaintiff does not have a disability under the Act.

In accordance with the foregoing discussion, Boise's motion for summary judgment is GRANTED.