IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30335
Summary Calendar
_____

HAROLD JOHN CLOUSE,

Plaintiff-Appellant,

versus

BOISE CASCADE, INC. d/b/a
Boise Cascade DeRidder Paper Mill, Et Al.,

Defendants,

BOISE CASCADE CORP.,

Defendant-Appellee.

_____

Appeal from the United States District Court for
the Western District of Louisiana
(95-CV-1415)
_____

October 30, 1997

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Harold John Clouse appeals an adverse summary judgment in

his suit against his employer, Boise Cascade Corporation, for

discrimination under the Americans with Disabilities Act (ADA),[1]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]  42 U.S.C. §§ 12101-12213 (1995).

the Louisiana Civil Rights for Handicapped Persons Act,[2] and the Louisiana Human Rights Commission Act.[3]  We affirm.

## Background

Harold Clouse is a five-step mechanic at Boise Cascade's paper mill in DeRidder, Louisiana.  Five-step mechanics are responsible for the maintenance and repair of the machinery at the mill.  The position includes heavy physical labor, such as changing out conveyors, repairing pumps and replacing refiner plates.

In 1992, Clouse had surgery to alleviate a back problem. After a few months, he returned to work under restrictions and was steadily improving to a point where he could perform his regular duties.  However, he was then involved in a car wreck and re-injured his back.  Clouse again was off work for a number of months.  He returned to work under restrictions, but this time his condition did not improve as quickly.  In December 1994, Clouse underwent a functional capacity evaluation to determine his physical capabilities.  As a result of this evaluation, his doctor restricted him from lifting more than fifteen pounds from floor to knuckle height.

---

[2]  LA. REV. STAT. ANN. §§ 46:2251-2256 (1997).

[3]  LA. REV. STAT. ANN. §§ 51:2231-2265 (1997).

In January 1995, Clouse presented these restrictions to Boise. The management of the mill determined that the restrictions prevented Clouse from performing the job of a five-step mechanic. After a meeting, Boise placed Clouse on inactive status, retaining him as an employee without pay. Clouse provided Boise with a reevaluation in March 1996, at which point the restrictions were modified to allow him to lift up to fifty pounds from floor to knuckle height. Boise returned Clouse to work in an unlimited capacity in his job as a five-step mechanic.

Clouse filed suit in August 1995, claiming that Boise Cascade Corporation had violated the ADA and Louisiana disability discrimination laws when it placed him on unpaid leave of absence. After several months of discovery, Boise moved for summary judgment on the grounds that Clouse did not have the requisite "disability" to be protected by the ADA. The trial court granted Boise's motion, holding that Clouse failed to prove he had a disability under any definition of the term. Following dismissal of the federal claims, Boise moved for summary judgment on Clouse's state law disability claims. The court granted this motion, reasoning that Louisiana's disability discrimination laws contained definitions of disability virtually identical to the ADA. The court entered judgment dismissing all of Clouse's claims with prejudice.

**DISCUSSION**

I.  *Standard of Review*

We review the district court's grant of summary judgment as a matter of law *de novo*, employing the same criteria used in that court.[4]  Summary judgment is proper only if the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law."[5]

II.  *ADA claims*

"As a threshold requirement in an ADA claim, the plaintiff must, of course, establish that he has a disability."[6]  The ADA defines "disability" three ways: (1) having an impairment that substantially limits one or more of the major life activities; (2) a record of such impairment; or (3) being regarded as having such an impairment.[7]

There is no dispute as to Clouse's physical capabilities in January 1995.  He could, during an eight hour day, walk for six

_____

[4]  *Rogers v. International Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).

[5]  Fed. R. Civ. P. 56(c) (1997).

[6]  *Rogers*, 87 F.3d at 758.

[7]  42 U.S.C. § 12102(2) (1995).

4

to eight hours, sit for one to three hours and drive for one to three hours.  He could also use his hands for repetitive single grasping, pushing and pulling and fine manipulation.  He could bend frequently and squat and climb occasionally.  He could lift fifteen pounds from floor to knuckle height and up to fifty hands above knuckle height.  The issue is whether the lifting restriction substantially limited a major life activity.

The ADA does not define "substantially limit" or "major life activity."  The Equal Employment Opportunity Commission regulations define "major life activities" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."[8]  The regulations define "substantially limits" as:

> (i)  Unable to perform a major life activity that the average person in the general population can perform; or
> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.[9]

In his affidavit opposing summary judgment, Clouse stated that his back impairment limited his work capabilities, his activities with his grandchildren, and "other activities that

---

[8]  29 C.F.R. § 1630.2(i) (1996).

[9]  29 C.F.R. § 1630.2(j)(1) (1996).

5

required activity outside his limitations."  Clouse's reference to "other activities" does not constitute specific facts sufficient to demonstrate a genuine issue for trial.[10]  Playing with one's grandchildren is not a major life activity in the same category as walking or speaking; an inability to lift the children up from the ground does not constitute a disability. Thus, the only potential major life activity that may have been substantially limited was Clouse's work capabilities.

The EEOC regulations define "substantially limits" with regards to working as:

> significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.  The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.[11]

The following factors should be considered: (1) the nature and severity of the impairment; (2) its duration; and (3) the permanent or long term impact of the impairment.[12]  Additionally, with regards to working, the geographical area is relevant.[13]

An inability to perform a discrete task, such as lifting heavy objects, does not constitute a "disability."  In *Aucutt v.*

---

[10]  *See* Fed. R. Civ. P. 56(e) (1997).

[11]  29 C.F.R. § 1630.2(j)(3) (1996).

[12]   29 C.F.R. § 1630.2(j)(2) (1996).

[13]  29 C.F.R. § 1630.2(j)(3)(ii) (1996).

*Six Flags Over Mid-America, Inc.*, the Eighth Circuit found no impact on a plaintiff's major life activities where he was subject to a 25 pound lifting restriction.[14]  In *Ray v. Glidden Co.*, the plaintiff was restricted from lifting 44-56 pound containers continuously, yet this Court found no impact on a major life activity.[15]  Similarly, in *Dutcher v. Ingalls Shipbuilding*, this Court held that the plaintiff's inability to climb did not constitute a disability although it restricted her ability to perform specific jobs as a welder.[16]

Clouse offered no evidence regarding the jobs available in his geographic area or to people with his skills so as to distinguish his limitation from these cases.  For a little over a year, he was restricted from lifting medium to heavy objects from floor to knuckle height.  He was not restricted in lifting nor carrying items above knuckle height.  We hold that Clouse's limited restriction did not substantially limit a major life activity.

Clouse also contends that he has a record of impairment, the second definition of disability under the statute.  However, just as there was no evidence that Clouse suffered from an impairment that substantially limited a major life activity, he does not

---

[14]  *Aucutt v. Six Flags Over Mid-America, Inc.*, 85 F.3d 1311, 1319 (8th Cir. 1996).

[15]  *Ray v. Glidden Co.*, 85 F.3d 227, 229 (5th Cir. 1996).

[16]  *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 (5th Cir. 1995).

7

have a record of "such impairment."[17]  There is no evidence that Clouse's medical history disqualified him from a broad class of jobs.  Clouse has worked for Boise since 1970, and continues to do so today.  Clouse cannot conclude that his employer discriminated against him simply because his medical records reveal past medical problems.

Finally, Clouse contends that Boise "regarded" him as having the requisite ADA impairment, under § 12102(2)(C).  An employer violates the ADA if the employee has an impairment which is not substantially limiting, but which the employer perceives as constituting a substantially limiting impairment.[18]  An assessment of an employee's ability to perform a job, based on actual medical conditions, does not constitute regarding the employee as disabled.[19]  The record indicates that Boise believed that Clouse was unable to perform the five-step mechanic's job based on his inability to lift heavy objects from the floor. Nothing in the record suggests that Boise believed that Clouse's condition substantially limited his ability to perform a whole class of jobs.

III.  *State law claims*

---

[17]  42 U.S.C. § 12102 (1995).

[18]  *Bridges v. City of Bossier*, 92 F.3d 329, 332 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 770 (1997).

[19]  *See Aucutt*, 85 F.3d at 1320.

Clouse also brought claims under the Civil Rights for Handicapped Persons Act[20] and the Louisiana Human Rights Commission Act.[21]

The Louisiana Supreme Court has not determined what constitutes a disability under the state discrimination laws. Accordingly, the federal court must determine, to the best of its ability, what the Louisiana Supreme Court would decide if faced with the issue.[22] The decisions of lower state courts should be given some weight, but they are not controlling.[23]

In granting summary judgment for Boise, the district court noted the "remarkably similar" definitions of "disability," "impairment," and "major life activities" in the two state statutes, when compared with the ADA. In other areas of employment discrimination law, the Louisiana courts have looked to the federal case law to determine the meaning of terms in state statutes which parallel terms in federal statutes.[24]

Three Louisiana appellate courts have addressed the issue of what constitutes a disability under the Civil Rights for Handicapped Persons Act. In *Kraemer v. Santa Fe Offshore*

---

[20] LA. REV. STAT. ANN. §§ 46:2251-46:2256 (1997).

[21] LA. REV. STAT. ANN. §§ 51:2231-2265 (1997).

[22] *Rogers v. Corrosion Products, Inc.*, 42 F.3d 292, 295 (5th Cir.), *cert. denied*, 115 S.Ct. 2614 (1995).

[23] *Id.*

[24] *See, e.g.*, *Plummer v. Marriott Corp.*, 654 So.2d 843, 848 (La. App. 4 Cir.), *writ denied*, 660 So.2d 460 (La. 1995).

*Construction Co.*, the plaintiff was a welder who, because of allergies, could work onshore, but not offshore.[25] Due to the restriction, he was discharged.[26] The court found that no major life activities were curtailed due to plaintiff's inability to work offshore.[27]

In *Lege v. N.F. McCall Crews, Inc.*, a boat captain was discharged by his employer because an abdominal virus required him to "take it easy at times," and to stop and catch his breath after moving up and down the stairs.[28] The court found that the plaintiff did not have a health condition which substantially limited one of life's major activities because he eventually found employment with another company as captain and did not consider himself handicapped.[29] In holding that the jury correctly found that N.F. McCall Crews did not regard the plaintiff as handicapped under the statute, the court stated, "[t]his statute does not protect a person who is unsuited for one position for one employer."[30]

---

[25] *Kraemer v. Santa Fe Offshore Constr. Co.*, 579 So.2d 488 (La. App. 4th Cir. 1991).

[26] *Id.*

[27] *Id.* at 490.

[28] *Lege v. N.F. McCall Crews, Inc.*, 625 So.2d 185 (La. App. 3d Cir.), *writ denied*, 627 So.2d 638 (La. 1993).

[29] *Id.* at 187.

[30] *Id.* at 188.

In *Turner v. City of Monroe*, the plaintiff underwent back surgery and was cleared for work as a signal technician after a full recovery, but the defendant refused to allow him to return to work.[31] The trial court found that the plaintiff had no impairment which would affect his ability to work, but that his employer regarded him as being impaired.[32] Affirming the lower court's decision, the Louisiana appellate court noted that the definitions in the Louisiana statute mirror those in the federal law.[33] These cases indicate that the Louisiana Supreme Court would interpret disability in the same manner as this Court has.

We have found no Louisiana cases addressing disability claims under the Louisiana Commission on Human Rights Act. The statute's definitions track the ADA language virtually verbatim.[34] Moreover, the stated purpose and intent of the Act is to execute in Louisiana the policies embodied in the several federal civil rights acts.[35] A secondary purpose of the Act is to justify deferral of cases by the federal Equal Employment Opportunity Commission, U.S. Labor Department, and the U.S.

---

[31] *Turner v. City of Monroe*, 634 So.2d 981 (La. App. 2d Cir. 1994).

[32] *Id.* at 983.

[33] *Id.* at 984.

[34] LA. REV. STAT. ANN. § 51:2232(11)(a) (1997).

[35] LA. REV. STAT. ANN. § 51:2231 (1997).

11

Justice Department.[36]  Whether the Louisiana Supreme Court follows federal law or state case law under the closely related Louisiana Handicapped Persons Act, we reach the same result: plaintiff does not have a disability under the statute.

AFFIRM

---

[36]  *Id.*