617 So.2d 92 (1993)
David RAMIE
v.
DEPARTMENT OF FIRE.
No. 92-CA-2386.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1993.
*93 Rebecca J. King, Carter & Cates, New Orleans, for appellant.
Jay Alan Ginsberg, Asst. City Atty., Elmer Gibbons, Deputy City Atty., Brett J. Prendergast, Chief of Civ. Litigation, William D. Aaron, Jr., City Atty., New Orleans, for appellee.
Before KLEES, LOBRANO and PLOTKIN, JJ.
PLOTKIN, Judge.
The plaintiff, David Ramie, became a firefighter with the New Orleans Fire Department on August 2, 1987. After exposure to burning butadiene in September of 1987 and smoke and fumes in 1989, Ramie experienced episodes of unexplained bleeding from his nose and mouth following exposure to smoke. Physicians were unable to discover the source of the bleeding but agree that Ramie should avoid exposure to smoke.
Ramie was terminated from his position with the Fire Department because he was unable to perform the duties of a firefighter due to his medical condition. Ramie requested that the Fire Department transfer him within the Department to a job which did not require him to be exposed to smoke. The Fire Department stated that it did not have the power to transfer Ramie into another division and that such a transfer would entail changing Ramie's classification which must be accomplished through the Department of Civil Service. Ramie appealed the Fire Department's decision to the Civil Service Commission (CSC). On July 22, 1992, the CSC rendered a decision affirming Ramie's dismissal from the Department. The CSC set forth the following pertinent reasons for judgment:
The Appellant was terminated by the Appointing Authority due to (and by his own admission) his inability to perform the duties of a Firefighter. He was terminated pursuant to Civil Service Rule IX which provides for termination of an employee who is unable to perform the functions of the job.[1] The Rule is clear and the facts of Appellant's inability to perform as a Firefighter are undisputed. Appellant alleges that others in his classification have been accommodated with other assignments, but provided no *94 names or other details. According to testimony, the Department tried to accommodate the Appellant but no positions were available to which he could transfer and retain his status as a Firefighter. Deputy Chief Ronald Sylvia testified that he counseled Appellant and advised him on finding some other work in city government that he could do; however, the Appellant declined in favor of waiting to see what results his legal efforts would yield. * * *
The department may have had no legal obligation to accommodate the Appellant with other suitable work. By all accounts he is now unable to perform the range of work required of his classification.
The Commission must therefore find that the action taken by the Appointing Authority was within the scope of its authority, and the appeal is DISMISSED.
Ramie brought this appeal, arguing that the CSC erred in failing to find a violation of La.R.S. 46:2254(C), failure to reasonably accommodate a handicapped employee. Specifically, Ramie argues that the evidence was insufficient to support findings that: (1) Ramie was unable to perform the duties of a firefighter; (2) interdivisional transfers within the Department are precluded; (3) the Department was exempt from La.R.S. 46:2251 et seq.; and (4) a person in the Fire Prevention and Fire Alarm Divisions must be able to fight fires or have a rank other than firefighter.
Ramie argues that he should be allowed to remain in the Fire Department; either in the suppression unit or moved to another division that does not require his exposure to smoke. He argues that by terminating him the Fire Department failed to accommodate his handicap in violation of La.R.S. 46:2254(C).

Termination from the Fire Suppression Division:
La.R.S. 46:2254(C) provides that "An employer, labor organization, or employment agency shall not:
(1) Fail or refuse to hire, promote, or reasonably accommodate an otherwise qualified individual on the basis of a handicap when it is unrelated to the individual's ability with reasonable accommodation to perform the duties of a particular job or position."
La.R.S. 46:2253(4)(a) defines "otherwise qualified handicapped person" as "a handicapped person who, with reasonable accommodation can perform the essential functions of the job in question." La.R.S. 46:2253(19) defines "reasonable accommodation" as "an adjustment or modification to a known physical limitation of an otherwise qualified applicant or employee which would not impose an undue hardship on the employer." This definition, when read in conjunction with La.R.S. 46:2254(C)(2), supra, contemplates an adjustment or modification (ie. an accommodation) which would enable an individual to overcome a physical disability so that he would then have the ability to perform the duties of the particular job or position in question.
There is nothing in the record which indicates that the Department could make any type of accommodation, much less a reasonable one, which would enable Ramie to overcome his physical condition so that he would have the ability to perform the essential duties of a firefighter. Additionally, Ramie admitted that he could not perform the job of a firefighter while his condition persisted. Although he hoped to eventually recover, Ramie testified that doctors had been unable to diagnose a cause of his condition and offered nothing to indicate that there was any hope that his condition would subside.

Interdivisional Transfers:
Ramie sought to be transferred within the Fire Suppression Division. However, according to Ronald Sylvia, the Deputy for the Administration of the Department, there were no positions to which Ramie could be transferred and that the Department did not have authority to transfer him to another division. Sylvia testified that the Department could not transfer Ramie within the department because everyone in the Fire Suppression Division must possess the physical ability to fight fires. Ramie no longer possessed the *95 physical ability to perform the duties of a firefighter; thus his termination was recommended.
At the hearing on this matter, Ramie attempted to show that the Department could reasonably accommodate his handicap by transferring him to another Division within the Fire Department. We disagree.
Sylvia testified that the Department of Fire lacked the power to transfer Ramie to another division within the Fire Department because such a transfer required a change of Ramie's classification. This change of classification could only come from the City Civil Service Department. In addition, Sylvia testified that the Department tried to accommodate Ramie by assisting him in applying for other classified positions through the City Civil Service. However, Ramie admitted that he had not made an appointment with the City Civil Service Department because he preferred to wait for the outcome of his case.
Sylvia's testimony as to interdivisional transfers is supported by the Louisiana Constitution and the CSC rules. As the Department points out, La. Const. Art. 10, Sect. 7 designates the City Civil Service as the entity responsible for administering transfers to other classifications.[2] Without going into specifics of the CSC rules, we note that they contain a fairly elaborate scheme for examination of potential civil servants and for appointment, by the CSC, into classified positions.
Ramie's only statutorily based challenge to Sylvia's testimony is that interdivisional transfers are not precluded by La. R.S. 33:2101, Creation of Firefighters' Pension and Relief Fund. This statute, which was redesignated as La.R.S. 11:3361 effective June 25, 1991, provides:
* * * any uniformed member of the fire suppression division of the fire department of the city of New Orleans * * * who, because of physical disability, elects to transfer from the fire suppression division to the fire administration division of the fire department of the city of New Orleans, may continue to participate in the pension and relief fund * * *
While La.R.S. 11:3361 clearly contemplates transfers between divisions, there is nothing in this statute which indicates that such transfers can be made without approval of the Department of Civil Service.
In addition, Ramie argues that if there is a local practice which precludes interdivisional transfers, this practice should not be upheld because it is in conflict with La.R.S. 46:2251 et seq. There is no rule of practice which precludes interdivisional transfers. However, the proper procedure to effectuate such a transfer is by obtaining approval from the CSC. This procedure is not in conflict with the Louisiana Civil Rights Act for Handicapped Persons.
There is nothing in the record which indicates that there is anything which can be done to accommodate Ramie so that he can perform the essential functions of a firefighter. Therefore, the Fire Department's decision to terminate Ramie from the Suppression Division is not in violation of La. R.S. 46:2254(C). The Fire Department's decision not to transfer Ramie within the Fire Suppression Division since every member of that division must be able to fight fires also does not violate any of Ramie's rights. Therefore, the Fire Department's decision not to transfer Ramie into another division is not in violation of La.R.S. 46:2254(C).
For the foregoing reasons, the decision of the Civil Service Commission is affirmed.
NOTES
[1] The CSC is referring to CSC Rule IX, Sect. 1.1, Maintaining Standards of Service, which provides,

When an employee in the classified service is unable * * * to perform the duties of his/her position in a satisfactory manner * * * the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. The action may include one or more of the following:
(a) termination from the service * * *
[2] La. Const. Art. 10, Sect. 7 provides, in part, "Permanent appointments and promotions in the classified * * * city service shall be made only after certification by the appropriate department of civil service under a general system based upon merit, efficiency, fitness, and length of service, as ascertained by examination which, so far as practical, shall be competitive."