| .CHEHARDY, J.
Plaintiff appeals the dismissal of his suit under the Louisiana Civil Rights Act for Handicapped Persons, La. R.S. 46:2251, et seq. We affirm.
On October 25, 1994 Timothy Haase began working in electrical maintenance for Electrical Instrumentation Unlimited (“EÍU”), a sub-contractor of Bayou Steel Corporation. His duties involved working in Bayou Steel’s steel mill in Laplace. He applied to become an electrical maintenance employee of Bayou Steel, but was required to undergo a pre-employment physical examination first. The examination report indicated that Haase had a color vision problem.
Because of the report, Bayou Steel required Haase to undergo a practical test designed to reflect the type of work encountered by electrical technicians in the mill. The test required Haase to match colors of wires and to connect unsecured wires to secured wires. He made errors in matching and in identifying colors of some of the wires. A subsequent medical exam *475 ination disclosed that he has color vision deficiency (“CVD”).
13As a result, the company withdrew the offer of a position as an electrical technician and offered Haase positions in the shipping department and the hydraulics department. He rejected the alternative positions and was terminated from Bayou Steel on January 15,1996.
On November 7, 1996 Haase filed suit against Bayou Steel on the ground that he is a handicapped person as defined in the Louisiana Civil Rights Act for Handicapped Persons (LCRHP), because he has a record of impairment or is regarded as having an impairment. He asserted that defendant had failed to reasonably accommodate him, had discharged or otherwise discriminated against him on the basis of a handicap unrelated to his ability to perform the duties of a particular job or position, and committed other acts in violation of the law. He sought reinstatement, compensatory damages, reasonable attorney’s fees and costs.
Bayou Steel filed a motion for summary judgment. Defendant asserted that under Louisiana law, plaintiff is not disabled, is not regarded as disabled, and is not an otherwise qualified individual; therefore, defendant asserted it is entitled to summary judgment.
Plaintiff filed a cross-motion for summary judgment, asserting that under the LCRHP he is entitled to recover on a showing of discrimination because of a perceived handicap which, in the mind of the defendant, precludes plaintiffs employment in a particular job. In addition, he asserted he is entitled to recover on a showing of discrimination based on a practical test that was not administered to all persons seeking employment as electrical technicians and that was not directly related to the job plaintiff was seeking.
|4The trial court granted Bayou Steel’s motion for summary judgment and denied Haase’s cross-motion for summary judgment. In written reasons for judgment, the court found, first, that Haase failed to show he could prove he is “handicapped” as defined in La. R.S. 46:2253(1) because he offered no evidence that he is unable to engage in any usual activity because of his CVD, that he is substantially limited or substantially limited from working, or significantly restricted in performing any job other than as electrician with Bayou Steel. Further, he admitted that none of his coworkers treated him differently because of his diagnosis nor was he restricted from working on any building or structure.
Thus, the court concluded, Haase had failed to show that he could establish a prima facie case that he is disabled as defined by both the Americans with Disabilities Act (“A.D.A.”) and the LCRHP. Based on the determination that plaintiff could not make a prima facie case of discrimination, the court stated it was not necessary to discuss the practical test given to plaintiff by defendant.
After denial of his motion for new trial, Haase appealed. On appeal he asserts the trial court erred in following respects: granting summary judgment in favor of the defendant; ignoring a decision of the Second Circuit squarely on point with the facts of this case; ruling that the earlier-enacted Louisiana law is in all respects identical to the later-enacted A.D.A.; ruling that the prima facie case requirements under state law and the A.D.A. are identical; ruling that it did not have to reach the issue of whether the practical test was permitted by the Louisiana statute; in failing to grant summary judgment in favor of plaintiff; and in denying plaintiffs motion for new trial.
| BHaase contends the issue is whether he proved a prima facie case un *476 der the LCRHP. He argues that the trial court’s task was to interpret a state statute in light of applicable state case law, but instead the trial court erroneously relied on subsequently enacted federal law and subsequently decided federal case law in order to deny recovery to the plaintiff.
In 1997 the Louisiana Civil Rights Act for Handicapped Persons was repealed in part, amended in part, and re-enacted as part of the Louisiana Employment Discrimination Act. Acts 1997, No. 1409, § 1, eff. Aug. 1, 1997. The title of the act states that its purpose was to consolidate employment discrimination provisions of law into one chapter of law. The provisions now are combined under the chapter known as the Louisiana Employment Discrimination Law, La. R.S. 23:301, et seq.
The applicable provisions of law, however, are those in effect at the time the lawsuit was filed. Our supreme court has held, “The provisions of Chapter 3-A of Title 23 create and define the rights and duties of employers and employees relative to discrimination in the workplace. Therefore, the enactment of these provisions by Acts 1997, No. 1409 is substantive and cannot be retroactively applied.” King v. Phelps Dunbar, L.L.P., 98-1805 (La.6/4/99), 743 So.2d 181, 185.
Thus, the trial court should have applied the law as it existed prior to the 1997 revision; any reference to federal law should have been on the basis of federal law on which the LCRHP was based. See, e.g., Turner v. City of Monroe, 25,554, p. 3 (La.App. 2 Cir. 3/30/94), 634 So.2d 981, 984, discussing Rehabilitation Act of 1978, 29 U.S.C. § 701, et seq.
| fiPrior to the passage of Acts 1997, No. 1409, La. R.S. 46:2254 provided in pertinent part:
C. An employer, labor organization, or employment agency shall not:
(1) Fail or refuse to hire, promote, or reasonably accommodate an otherwise qualified individual on the basis of a handicap when it is unrelated to the individual’s ability with reasonable accommodation to perform the duties of a particular job or position.
(2) Discharge or otherwise discriminate against an otherwise qualified individual with respect to compensation or the terms, conditions, or privileges of employment, on the basis of a handicap when it is unrelated to the individual’s ability to perform the duties of a particular job or position
(3) Limit, segregate, or classify an otherwise qualified employee or applicant for employment in a way which deprives an individual of employment opportunities or otherwise adversely affects the status of an employee on the basis of a handicap when it is unrelated to the individual’s ability to perform the duties of a particular job or position.
(4) Fail or refuse to hire, or promote an otherwise qualified individual on the basis of physical or mental examinations or preemployment interviews that are not directly related to the requirements of the specific job, or which are not required of all employees.
(5) Discharge or take other discriminatory action against an otherwise qualified individual on the basis of physical or mental examinations or preemployment interviews that are not directly related to the requirements of the specific job or are not required of all employees.
(6) Fail or refuse to hire, or promote an otherwise qualified individual when adaptive devices or aids may need to be utilized to enable that individual, at the employee’s own expense, to perform the specific requirements of the job.
1?(7) Discharge or take other discriminatory action against an otherwise quali *477 fied individual when adaptive devices or aids may need to be utilized to enable that individual, at the employee’s own expense, to perform the specific requirements of the job.[1]
La. R.S. 46:2253 defines important language of the Act. In pertinent part, it provides as follows:
For the purposes of this Chapter the following definitions shall apply:
(1) “Handicapped person” means any person who has an impairment which substantially limits one or more life activities or (a) has a record of such an impairment or (b) is regarded as having such an impairment.
(2) “Impairment” means retardation; any physical or physiological disorder or condition, or prior mental disorder or condition, but does not include chronic alcoholism or any other form of active drug addiction; any cosmetic disfigurement; or an anatomical loss of body systems.
(3) “Major life activities” mean functions such as caring for one’s self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.
(4) “Otherwise qualified handicapped person” means:
[[Image here]]
(b) With respect to other services, a handicapped person who meets the essential eligibility requirements for the receipt of such services.
[[Image here]]
(11) The term “discrimination” shall include unreasonable segregation or separation.
* * *
(17) “Adaptive devices” means any items utilized to compensate for a physical or mental impairment, including, but not limited to, braces or other supports, wheelchairs, talking boards, hearing aids, corrective devices, corrective lenses, or seeing eye dogs.
| sUnder these definitions, Haase’s CVD is an impairment because it is a physical disorder or condition. La. R.S. 46:2253(2). However, it does not make him a handicapped person per se because, as he admits, it does not “substantially limit one or more of his life activities.” La. R.S. 46:2253(1). Therefore, the question is whether Bayou Steel regarded him as having such an impairment, which would qualify him for coverage by the Act. La. R.S. 46:2253(1).
Bayou Steel admittedly considered that Haase’s CVD precluded him from the particular job of electrical technician. However, there is nothing in the exhibits that indicates Bayou Steel regarded Haase as handicapped, in the sense of believing his impairment would substantially limit “one or more of life’s activities.” Rather, the evidence offered in support of the motion for summary judgment established that Bayou Steel only considered that the CVD rendered Haase unable to safely perform the particular duties of the particular position in electrical maintenance for which he applied.
We conclude the trial court correctly found that plaintiff failed to get past the threshold requirement of proving that he was handicapped as defined in the LCRHP. Therefore, it is unnecessary to analyze the remainder of the statutory *478 provisions. The LCRHP does not apply to plaintiff in this case.
For the foregoing reasons, the judgment is AFFIRMED.
AFFIRMED.

. Subsection C was among the portions of the statute repealed by Act 1409 of 1997. It was replaced by provisions now contained in La. R.S. 23:322-324.