Dear Ms. Tennant-Mack:
We are in receipt of your opinion request wherein you ask whether a school board is required to place an air ventilation system on a school bus after the bus driver has obtained a written letter from the doctor stating that some form of ventilation system is needed due to the bus driver's asthma.
It was the opinion of this office that a bus driver must meet all requirements of LSA-R.S. 17:491 et seq., and Bulletin 1191 in order to work in the State of Louisiana and be employed with the parish school board as a bus driver. La Atty. Gen Op. No. 97-20. A review of Louisiana Revised Statutes 17:493, 46:2254 and Bulletin 1191 of the Louisiana Department of Education in regard to the employment of a school bus driver is necessary. In accordance with LSA-R.S. 17:493, a permanent school bus operator may be removed from his position for physical disability to perform his duties. As such, a school board has the discretionary authority to dismiss a school bus operator for a number of infractions, including physical disabilities. Bernard v. Avoyelles ParishSchool Board, 640 So.2d 321, 93-534 (La.App. 3 Cir. 2/16/94). Bulletin1191 of the Louisiana State Department of Education, p. 16 sets forth certain physical requirements for bus drivers. It provides the following in pertinent part:
 All school bus drivers must be certified as having normal use of both hands, both arms, both feet, both legs and must possess normal or corrected vision of 20/40 in both eyes, with a field of vision of at least 150 degrees. They must have corrected or normal hearing, be free of
communicable disease and of mental, emotion or functional disorders. (emphasis added)
The law cited above does not specifically define asthma as a "physical disability" or "functional disorder." However, it does allow the school boards discretion when deciding whether a person's condition presents itself as a physical disability or functional disorder.
Although asthma is not specifically defined in the above state statutes, it falls within the purview of the Americans With DisabilitiesAct of 1990, (hereinafter "ADA") and is considered a disability depending on the circumstances involved. Disability, as defined by the Americans With Disabilities Act is a physical or mental impairment that substantially limits one or more of the major life activities of such individual. 42 U.S.C. § 12102 (2). Accordingly, asthma is considered a disability under the Americans With Disabilities Act when a person is able to demonstrate that his condition substantially limits his ability to perform major life functions of working and breathing. And a "qualified" individual with a disability is identified as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111 (8).
In the recent United States Supreme Court decision of Board of Trusteesof the University of Alabama v. Garrett, 531 U.S. 356, 121 S.Ct 955,148 L.Ed.2d 866 (2001), the court concluded that state governments could not be sued in federal court for violating Title I of the ADA. Title I prohibits disability-based discrimination by both private and government employers. 42 U.S.C. § 12131 et seq. As such, a claim under the ADA is unenforceable in federal court against state governments by virtue of the Eleventh Amendment — which does not extend its immunity to units of local government. Board of Trustees, supra citing Lincoln County v. Luning,133 U.S. 529, 530, 10 S.Ct. 363, 33 L.Ed. 766 (1890).
Although the ADA is unenforceable against the state in federal court, it is enforceable against a political subdivision of the state, such as a school board in federal court. Moreover, a claimant may bring an action against a political subdivision under either the ADA or pursuant to the states' disability employment discrimination statute at LSA-R.S. 46:2254.
In fact, the United States Fifth Circuit Court of Appeals addressed this issue in Haase v. Bayou Steel Corporation, 783 So.2d 474, 12 A.D. Cases 969, 00-1830 (La.App. 5 Cir. 3/14/01) when it concluded that the Louisiana law is in all respects identical to the ADA, and that a prima facie case under both statutes are identical.
Under LSA-R.S. 46:2254 (c)(1) and (2) an employer shall not refuse or fail to reasonably accommodate an otherwise qualified individual on the basis of a handicap when it is unrelated to the individual's ability, with reasonable accommodation to perform the duties of a particular job or position. LSA-R.S. 46:2254. (Emphasis Added) As defined, a reasonable accommodation is an adjustment or modification to a known physical limitation of an otherwise qualified applicant or employee which would not impose an undue hardship on the employer. Id. (Emphasis Added)
LSA-R.S. 46:2253 (19) defines undue hardship on a case by case basis taking into account the following factors: (a) employee for which accommodation is to be made, (b) specific disability of employee, (c) essential job duties of employee, and (d) working environment. Id. Essentially, the statute requires an employer to make reasonable accommodations so that the employee who becomes disabled can continue to perform the same job. Khatibi v. William B. Reily Co., Inc.,703 So.2d 187, 97-0392 (La.App. 4 Cir. 11/26/97).
In conclusion, this office is of the opinion that it is the school board's responsibility to make a factual determination on a case-by-case basis as to what constitutes a reasonable accommodation under the law and whether such accommodation creates an undue hardship. We regret to inform you that this office cannot make such a determination regarding whether the placement of an air ventilation system on a school bus is reasonable, nor whether it creates an undue hardship.
We hope, however, that this opinion has provided you with the necessary law and information to properly advise the school board. If our office may be of further assistance, please do not hesitant to contact us.
 Yours very truly, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ CHARLENE PATTERSON ASSISTANT ATTORNEY GENERAL
/cp